# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| JERMEL R. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:14-cv-00033-JLH |
| ) | |
| TA OPERATING, LLC ) | |
| d/b/a PETRO STOPPING CENTERS, ) | |
| ) | |
| Defendant. ) | |

## JOINT PROPOSED PROTECTIVE ORDER

In the course of discovery and other disclosures required under the Federal Rules of Civil Procedure, a party may provide information to another party, or produce to another party documents containing information, which should be protected from public dissemination, including, but not limited to, Defendant's confidential and/or proprietary business information and private and personal information regarding Defendant's current or former employees. To ensure that such material is kept and remains confidential and not used for any purpose other than discovery and trial preparation in this case, the following shall apply:

1. This Order shall be applicable to and govern all disclosures, documents, answers to interrogatories, responses to request for production, requests for admission, testimony and other information, including all copies and excerpts thereof (hereinafter referred to as "Material") produced, given or filed during discovery and other proceedings in this action.

2. In designating Material as "Confidential," a party to this action, and any non-party from whom discovery is sought in connection with this action, shall make such a designation only as to Material that the party or non-party in good faith believes constitutes confidential

1

information, such as Defendant's confidential and/or proprietary business information, and employment-related records containing information regarding Defendant's current or former employees, as maintained by Defendant or other prospective, current, and/or former employers, to the extent such information is subject to discovery.

3. No designation of Confidential Material shall be made unless the designating party or non-party believes in good faith that the designated Material is entitled to such protection.

4. Confidential Material shall be maintained in confidence by the party in possession of such Material and shall not be disclosed to any person except:

> (a) the Court and its officers;
>
> (b) appellate courts, if applicable, and their officers
>
> (c) the parties;
>
> (d) counsel of record, including other members and/or associates of the law firm;
>
> (e) employees of counsel of record; and
>
> (f) experts retained by parties to furnish expert services, advice, or testimony in this action.

Confidential Material disclosed to any such person shall not be disclosed by him or her to any other person not included within subparagraphs (a) – (f) of this paragraph.

5. If any party bound by the terms of this Order wishes to disclose Confidential Material beyond the terms of this Protective Order, that party shall provide the other party with reasonable notice of its intent to so disclose such Confidential Material. If the parties cannot resolve their disagreement with respect to the propriety of disclosing such Confidential Material, the party who wishes to prevent disclosure of such Confidential Material shall apply to the Court

for a determination of that issue. Unless and until otherwise ordered by the Court, or agreed by the parties, all Confidential Material shall be subject to the restrictions of this Protective Order.

6. The restrictions regarding the custody and/or disclosure of the Confidential Material subject to the protection of this Protective Order shall apply with equal force and effect to any excerpts, analyses or summaries of such Confidential Material or the information contained therein.

7. Material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error, provided the designation occurs within twenty (20) days of discovery of the inadvertence or error. If Material is designated as "Confidential" subsequent to production, the receiving party must promptly make all reasonable and good faith efforts to collect any copies that have been provided to individuals other than those identified in paragraph 4 of this Order.

8. Nothing herein shall prohibit either party from seeking an Order that designated Confidential Material is not entitled to "Confidential" treatment, or that otherwise affects the treatment of any Material.

9. Other than as provided in paragraph 7 above, no designation of "Confidential" shall be effective unless there is placed or affixed on such Material a "CONFIDENTIAL" marking.

10. Confidential Material shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except as required by court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within three (3) business days of receipt of same.

11. A party seeking to file with the Court any Confidential Material which has been so designated by the opposing party shall seek leave of Court to file such Confidential Material UNDER SEAL to ensure that such Confidential Material will not be accessible to individuals who are not identified in paragraph 4 of this Order.

12. At the final conclusion of this case (including exhaustion of appeals), all Confidential Material in a party's possession, and all copies thereof, shall be returned to the party who designated such Material as Confidential.

13. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

IT IS SO ORDERED on this 27th day of April, 2015.

UNITED STATES DISTRICT JUDGE

Agreed:

s/ O. John Norris, III
O. John Norris, III (TN Bar No. 017504)
Jackson Lewis P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: norrisj@jacksonlewis.com
*Attorney for Defendant*

*s/* Sheila F. Campbell (with permission)
Sheila F. Campbell (AR Bar No. 83-239)
PO Box 939
North Little Rock, AR 72115
Telephone: (501) 374-0700
Email: campbl@sbcglobal.net
*Attorney for Plaintiff*

4820-3000-0931, v. 3